UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:20-cv-24514-CMA

MICROSOFT, INC., a Washington Corporation,

        Plaintiff,

vs.

DOES 1-10, d/b/a officesolutionsusa.net,

        Defendants.

## PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

### I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff Microsoft, Inc. ("Microsoft") respectfully requests an order granting leave to serve third-party subpoenas before the Federal Rule of Civil Procedure 26(f) conference. The requested expedited discovery will be aimed at uncovering the identities, whereabouts, and connection of the Doe Defendants to officesolutionsusa.net (the "Website"). The Website was used by the Doe Defendants to perpetrate an unlawful scheme through which they advertised and sold black market access devices to pirated Microsoft software, willfully deceiving and damaging Microsoft and its customers. Without expedited discovery, Microsoft will be unable to determine the identities and whereabouts of the Doe Defendants, and their connection to the Website, and will be left without a means to halt the ongoing harm and hold them accountable. Microsoft expects that it will be able to complete the expedited discovery within 90 days after being granted leave to do so.

### II. BACKGROUND

#### A. Claims Against Doe Defendants

On December 31, 2020, Microsoft filed a First Amended Complaint ("FAC") against the Doe Defendants for contributory copyright infringement, trademark infringement, false designation of origin and false misleading representations and descriptions of fact, and trade dress infringement. FAC ¶¶ 32-70. Microsoft's claims arise from the Doe Defendants'

operation of the Website through which they unlawfully advertised and sold black market access devices to pirated Microsoft software. *Id*. ¶¶ 2-3. As a result of their illegal actions, the Doe Defendants willfully deceived Microsoft and its customers, infringed and misused Microsoft's intellectual property, harmed the integrity of Microsoft's store, tarnished Microsoft's brand, and damaged Microsoft's customers. *Id*. ¶ 7. The Doe Defendants' illegal actions entitle Microsoft to injunctive relief to stop the Doe Defendants from infringing and misusing Microsoft's intellectual property and to prevent them from selling pirated access devices. *Id*. Further, the Doe Defendants' actions constitute multiple violations of federal law for which Microsoft seeks various forms of damages and equitable relief. *Id*. ¶¶ 8, 37, 47, 56, 68.

### B.    Plaintiff's Investigation of Doe Defendants

Microsoft has made significant, ongoing attempts to locate and identify the Doe Defendants using open source research and other available investigative techniques. Declaration of Tom Montgomery ("Montgomery Decl.") ¶ 4. The Website was registered on June 26, 2019, with Namecheap, Inc., a U.S.-based domain registrar, through WhoisGuard, Inc., a Panamanian company. *Id.* ¶ 5. The Website lists its business address as 601 Brickell Key Drive, Miami, Florida. *Id*. ¶ 6. Microsoft arranged for an outside investigator to visit the address and learned that it is a REGUS executive office suite that house multiple businesses. *Id.* However, Office Solutions USA is not listed in the posted tenant directory at the building and Microsoft was unable to confirm whether a company by that name is a tenant of the building. *Id*.

The Website also lists a phone number and a customer service email address, but Microsoft does not currently have account information for these contact points. *Id.* ¶ 7. Notably, the Website does not list the name of any individual or entity associated with it. *Id*. ¶ 8. Microsoft did identify a registered Florida company with the name Office Solutions USA LLC; however, the director of that entity informed Microsoft that it has no association with the Website. *Id*. ¶ 9. Microsoft has located several articles and a vimeo.com video that described Microsoft products and services offered by the Website, but these advertising materials do not name the principals behind Office Solutions. *Id*. ¶ 10.

Shortly after this lawsuit was filed on November 2, 2020, the Website was redirected to two other websites offering Microsoft products ("the Redirect Websites"). *Id.* ¶ 11. In other words, the Uniform Resource Locator ("URL") web address officesolutionsusa.net no longer results in the original Website appearing; the Redirect Websites appeared instead. The precise association between the operators of Redirect Websites and the Website is presently unknown. *Id.*

In short, despite thorough and diligent investigative efforts, Microsoft has been unable to uncover the parties behind the Website.

C.     **Legal Standard**

Federal Rule of Civil Procedure 26 provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." Fed. R. Civ. P. 26(d)(1). Although the Eleventh Circuit has not directly defined the standard for allowing expedited discovery, courts generally allow "parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery." *TracFone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015). Judges in this district routinely apply the "good cause" standard in granting motions for expedited discovery. *See id.*; *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (Goodman, J.); *Bostwick Labs., Inc. v. Farley*, 2014 WL 12580031, at *2 (S.D. Fla. May 16, 2014) (Valle, A.); *Pulsepoint, Inc. v. 7657030 Canada Inc.*, 2013 WL 12158589, at *1 (S.D. Fla. Oct. 31, 2013) (Matthewman, W.).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). The relevant factors in assessing good cause are the requesting party's diligence, its intent in seeking the requested information, and whether the opposing party will be prejudiced if the Court grants the motion. *See In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043, at *3 (S.D. Fla. Apr. 7,

3

2015); *TracFone Wireless, Inc. v. Nektova Grp., LLC*, 328 F.R.D. 664, 666 (S.D. Fla. 2019). Courts routinely allow early discovery where it will "substantially contribute to moving th[e] case forward" and is "narrowly tailored" for that purpose. *Semitool*, 208 F.R.D. at 277; *In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043, at *4. "[C]ourts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition." *Semitool*, 208 F.R.D. at 276.

####    D.    Good Cause Exists for Expedited Discovery

Courts consider three factors to assess the propriety of expedited discovery: (1) Plaintiff's diligence, (2) its intent in seeking the information, and (3) prejudice to Defendants. *See In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043, at *3; *Nektova Grp., LLC*, 328 F.R.D. 664 at 666. Each of these factors supports granting Microsoft's motion:

<u>Plaintiff's Diligence</u>. Microsoft has been diligent in attempting to uncover the Doe Defendants' identities and locations. *See* Montgomery Decl. Despite these efforts, Microsoft has been unsuccessful at uncovering the identities and whereabouts of the Doe Defendants, leaving service of third-party subpoenas as the only reasonable option to pursue that information. Accordingly, this factor supports granting Microsoft leave to conduct expedited discovery.

<u>Plaintiff's Intent</u>. Microsoft seeks information about the parties behind the piracy scheme in order to hold them legally accountable for their misconduct. Specifically, Microsoft wishes to serve targeted third-party discovery specifically designed at identifying and locating the Doe Defendants. *Id.* ¶ 12. The Eleventh Circuit has recognized the propriety of such expedited discovery into the identities of defendants. *See Louis Vuitton Malletier, S.A., v. Mosseri*, 736 F.3d 1339, 1343 (11th Cir. 2013). Accordingly, this factor supports granting leave to conduct expedited discovery.

<u>Prejudice to Defendants</u>. The Doe Defendants will not suffer undue prejudice if Microsoft is granted leave to conduct expedited discovery. First, Microsoft's request for expedited discovery is narrowly tailored to include only the information necessary to identify and locate the persons and/or entities propagating an illegal campaign that is harming Microsoft

and its customers. Second, the Doe Defendants' attempt to hide their identities is the very reason why expedited discovery is needed so it would be manifestly unfair from them to now claim they are prejudiced from it. Accordingly, the balance of equities and the lack of prejudice to the Doe Defendants weigh heavily in favor of granting expedited discovery.

### III.   CONCLUSION

For the foregoing reasons, Microsoft respectfully asks the Court to grant it leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following service providers for any and all information regarding the Doe Defendants identities, whereabouts, and connection to the Website:

a) financial institutions, credit card companies, and payment processors linked to the infringing test purchases alleged in the FAC;

b) domain registrars for the Website and Redirect Websites;

c) registrants for the Website and Redirect Websites;

d) hosting providers for the Website and Redirect Websites;

e) telecommunications companies for the phone numbers associated with the Website;

f) internet service providers for the email address associated with the Website; and

g) creators and publishers of marketing materials for the Website.

DATED: December 31, 2020     Respectfully submitted,

             s/Brian W. Toth
             Brian W. Toth
             Florida Bar No. 57708
             btoth@gsgpa.com
             Natalia B. McGinn
             Florida Bar No. 1011385
             nmcginn@gsgpa.com
             GELBER SCHACHTER & GREENBERG, P.A.
             1221 Brickell Avenue, Suite 2010
             Miami, Florida 33131
             Phone: (305) 728-0950

             Bonnie E. MacNaughton (*pro hac vice*)
             bonniemacnaughton@dwt.com
             Kelly M. Gorton (*pro hac vice forthcoming*)
             kellygorton@dwt.com
             DAVIS WRIGHT TREMAINE LLP
             920 Fifth Avenue, Suite 3300
             Seattle, WA 98104
             Phone: (206) 622-3150

             Counsel for Plaintiff Microsoft Corporation