UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24514-CIV-ALTONAGA

**MICROSOFT, INC.**,

    Plaintiff,

v.

**DOES 1–10 d/b/a officesolutionsusa.net**,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

**THIS CAUSE** comes before the Court on Plaintiff, Microsoft, Inc.'s Motion for Expedited Discovery [ECF No. 12], filed on December 31, 2020. Earlier the same day, Plaintiff filed a First Amended Complaint [ECF No. 10] against Defendants, Does 1–10 d/b/a officesolutionsusa.net (the "Doe Defendants"), alleging contributory copyright infringement, trademark infringement, false designation of origin and false and misleading representations and descriptions of fact, and trade dress infringement arising from the Doe Defendants' distribution of black-market access devices to Microsoft software via officesolutionsusa.net (the "Website"). (*See generally id.*). Plaintiff seeks leave to conduct expedited discovery to uncover the identities and whereabouts of the Doe Defendants and their connection to the Website and two other websites to which the Website is now redirected (the "Redirect Websites"). (*See generally* Mot.).

Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." *Id.* (alteration added). "Although the Federal Rules do not provide a standard for the court to use in exercising its authority to order expedited discovery under Rule 26(d), courts have generally adopted one of two approaches in determining a party's entitlement to such discovery: (1)

[a] preliminary injunction-style analysis . . . or (2) a general 'good cause' or 'reasonableness' standard which allows expedited discovery when the need for it outweighs the prejudice to the responding party." *In re Chiquita Brands Int'l, Inc.*, No. 07-60821-cv, 2015 WL 12601043, at *3 (S.D. Fla. Apr. 7, 2015) (alterations added; citations omitted). While the Eleventh Circuit has not adopted a standard for allowing expedited discovery, an "increasing majority" of district courts, including district courts within the Eleventh Circuit, has applied the "more general" good-cause standard. *Id.* at *3–4 (quotation marks and citations omitted); *see also id.* at *4 (declining to follow preliminary injunction-style analysis and applying instead the conventional good-cause standard in evaluating the plaintiffs' request for expedited discovery). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Tracfone Wireless, Inc. v. Adams*, 304 F.R.D. 672, 673 (S.D. Fla. 2015) (quotation marks and citation omitted).

Plaintiff maintains it has shown good cause for expedited discovery because it has been diligent in attempting to uncover the Doe Defendants' identities and locations; it seeks "to serve targeted third-party discovery specifically designed [to] identify[] and locat[e] the Doe Defendants" so that these Defendants can be held accountable for the alleged piracy scheme; and the Doe Defendants will not suffer undue prejudice if Plaintiff is granted leave to conduct expedited discovery because Plaintiff's request "is narrowly tailored to include only the information necessary to identify and locate the persons and/or entities propagating" the alleged scheme. (Mot. 4 (alterations added); *see also* Decl. of Tom Montgomery [ECF No. 12-1] ¶¶ 4–10 (detailing unsuccessful efforts to find the Doe Defendants)). Specifically, Plaintiff intends to serve Rule 45 subpoenas on certain service providers "for any and all information" regarding the Doe Defendants' identities and whereabouts and their connection to the Website. (Mot. 5). The Court agrees that Plaintiff has established good cause to serve these third-party subpoenas to uncover relevant information about the Doe Defendants.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 12]** is **GRANTED**.

2. Plaintiff is granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following entities for the purpose of obtaining account information regarding the identities and whereabouts of the Doe Defendants, and their connection to the Website and the Redirect Websites:

   a. financial institutions, credit card companies, and payment processors linked to the infringing test purchases alleged in the First Amended Complaint;

   b. domain registrars for the Website and Redirect Websites;

   c. registrants for the Website and Redirect Websites;

   d. hosting providers for the Website and Redirect Websites;

   e. telecommunications companies for the phone numbers associated with the Website;

   f. internet service providers for the email address associated with the Website; and

   g. creators and publishers of marketing materials for the Website.

3. By **April 5, 2021**, Plaintiff shall file a notice providing the status of its efforts at uncovering the identities and whereabouts of the Doe Defendants and their connection to the Website and the Redirect Websites.

**DONE AND ORDERED** in Miami, Florida, this 4th day of January, 2021.

                                                    _____
                                                   **CECILIA M. ALTONAGA**
                                                   **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record